Leonard J. WEEMS and Vicki L. Weems, Plaintiffs–Appellees,

v.

HY–VEE FOOD STORES, INC., d/b/a Drug Town, Defendant–Appellant.

No. 94–0102.

Court of Appeals of Iowa.

Nov. 28, 1994.

James F. Pickens, Minor Barnes and Joanne M. Lilledahl of Pickens, Barnes & Abernathy, Cedar Rapids, for appellant.

Chris J. Scheldrup and Paul D. Gamez of Moyer & Bergman, Cedar Rapids, for appellees.

Heard by DONIELSON, C.J., and HAYDEN and CADY, JJ.

CADY, Judge.

This is a single issue appeal in a premise liability/slip-and-fall case. The premise owner claims the trial court erred in failing to allow the jury to consider whether the harmful side effects of medical treatment rendered eighteen months after the fall constituted an intervening superseding cause of the subsequent damages. We conclude the trial court properly denied the superseding cause instruction and affirm.

Leonard Weems slipped and fell on a wet floor at a Drug Town Store in Cedar Rapids. Weems was a customer in the store at the time. The store is owned by Hy–Vee Stores, Inc. Weems experienced lower-back pain following the fall. Approximately eighteen months later, Weems visited Dr. Arnold Delbridge, an orthopedic surgeon, in response to his lingering lower-back pain. Dr. Delbridge administered an epidural block in an effort to relieve the pain. The procedure involved a spinal steroid injection. As a result of the epidural block, Weems developed an infection which led to spinal meningitis. He eventually recovered from the disease.

Weems and his wife brought suit against Hy–Vee seeking damages associated with the injuries he received as a result of his fall. The damage claim included the spinal meningitis. The matter proceeded to a jury trial.

At trial, the court refused to submit Hy–Vee's requested instruction concerning whether Dr. Delbridge's administration of the epidural block was a superseding cause of any damages associated with Weems' spinal meningitis. Hy–Vee would be relieved from responsibility for the resulting damages under the proposed instruction if the jury determined the treatment was a superseding cause.

The jury returned a verdict finding Hy–Vee to be sixty percent at fault. It awarded Weems the following damages: $13,820.26 for past medical expenses; $500 for future medical expenses; $4,999.99 for loss of past earnings; $5000 for past loss of full body; $2,000 for future loss of full body; $25,000 for past physical and mental pain and suffering; and $500 for future physical and mental pain and suffering. It also awarded damages of $8,000 to Weems' wife for loss-of-consortium.

Hy–Vee filed a motion for new trial based upon the trial court's failure to instruct the jury regarding whether the epidural block

was a superseding cause. It claimed the jury's damage award included damages associated with the spinal meningitis. The court denied the motion. Hy–Vee appeals.

## I. *Standard of Review.*

█ Our review of the issue presented is to correct errors at law. Iowa R.App.P. 4; *see Ladeburg v. Ray,* 508 N.W.2d 694, 697 (Iowa 1993). A requested instruction should be given at trial if it correctly states the law and is supported by substantial evidence. *Sanders v. Ghrist,* 421 N.W.2d 520, 522 (Iowa 1988). Evidence is substantial if reasonable minds could accept it as adequate to reach a conclusion. *Nichols v. Schweitzer,* 472 N.W.2d 266, 274 (Iowa 1991). If a requested instruction does not relate to the factual issues to be decided by the jury, it is properly excluded by the court even though it is a correct statement of law. *Vachon v. Broadlawns Medical Found.,* 490 N.W.2d 820, 822 (Iowa 1992).

## II. *Superseding Cause.*

█ The rule that a tortfeasor is responsible for injuries which result from his or her negligence is not absolute. An exception exists when an intervening act turns into a superseding cause. If an independent force intervenes after the original negligent conduct and plays a substantial role in creating a particular injury to the plaintiff, the original tortfeasor will be relieved from responsibility for the later injury under narrowly-defined circumstances. *Haumersen v. Ford Motor Co.,* 257 N.W.2d 7, 15 (Iowa 1977). If these circumstances are met, the intervening act becomes the superseding cause of the injury. *See Sumpter v. City of Moulton,* 519 N.W.2d 427, 431 (Iowa App. 1994). In order for an intervening act to become a superseding cause, it must not have been a normal consequence of the original tortfeasor's acts or must not have been reasonably foreseeable. *Id.; see* Restatement (Second) of Torts §§ 442, 447 (1965).

█ Hy–Vee argues the spinal meningitis which occurred some eighteen months after the fall was not a reasonably foreseeable consequence of maintaining a wet floor in its drug store. They point out the uncontradict-ed evidence revealing it is extremely rare for a patient to contract the disease from a spinal injection, possibly as rare as one in ten thousand cases. At the very least, Hy–Vee insists this evidence presented a jury question whether the later intervening medical treatment was a superseding cause of the spinal meningitis.

█ An intervening act is reasonably foreseeable, and will not break the causal connection between the original negligence and the later injury, if the subsequent force or conduct is within the scope of the original risk. William L. Prosser, *Law of Torts,* § 44 at 273 (4th ed. 1971); *see* Restatement (Second) of Torts §§ 442A, 442B. It is unnecessary, however, that the original tortfeasor foresee the specific conduct which makes up the intervening force. *See Rieger v. Zackoski,* 321 N.W.2d 16, 21 (Minn.1982). It is sufficient if the risk of harm attributable to the intervening act is foreseeable. *Id.* If the conduct of the original tortfeasor has created or increased the risk of a particular harm to the plaintiff, and has been a substantial factor in causing the harm, it is immaterial to the imposition of liability that the harm results in a manner which no person could have possibly foreseen or anticipated. Restatement (Second) of Torts § 442B comment b.

█ An intervening act is a normal consequence of the original tortfeasor's negligence if it is normal to the situation which the tortfeasor created. Prosser § 44 at 272, *see* Restatement (Second) of Torts § 443; *Iowa Elec. Light & Power Co. v. General Elec. Co.,* 352 N.W.2d 231, 236 (Iowa 1984). This means the intervention of the act was not so extraordinary as to fall outside the class of normal events in light of the ultimate situation. Restatement (Second) of Torts § 443, comment b.

█ Generally, medical treatment sought by an injured person is considered a normal consequence of the tortfeasor's conduct. Prosser at 287–88; *see Cardamon v. Iowa Lutheran Hosp.,* 256 Iowa 506, 514, 128 N.W.2d 226, 231–32 (Iowa 1964). The general rule is framed as follows:

**574**

If the negligent actor is liable for another's bodily injury, he is also subject to liability for any additional bodily harm resulting from normal efforts of third persons in rendering aid which the other's injury reasonably requires, irrespective of whether such acts are done in a proper or negligent manner.

Restatement (Second) of Torts § 457. A defendant will be liable for the adverse results of medical treatment unless the treatment is extraordinary or the harm is outside the risks incident to the medical treatment. Restatement (Second) of Torts § 457 comment d, e.

It is immaterial in our analysis that the later injury in this case, spinal meningitis, was a rare side effect of the medical treatment. The important evidence was the undisputed testimony that an epidural block was an accepted and common treatment for chronic back pain and that spinal meningitis was a known risk of the procedure. These facts establish the lack of superseding cause.

We readily recognize the general rule that the determination of whether an intervening act constitutes a superseding cause should be made by the fact finder. *Iowa Elec. Light & Power*, 352 N.W.2d at 235. Nevertheless, it is the exclusive function of the court to declare the existence or nonexistence of the rules governing superseding cause. *Stalter by Stalter v. Iowa Resources, Inc.*, 468 N.W.2d 796, 801 (Iowa 1991); Restatement (Second) of Torts § 453. If the facts are undisputed, the court is duty-bound to apply the rules to determine the existence or extent of a negligent actor's conduct. *Stalter*, 468 N.W.2d at 801; Restatement (Second) of Torts § 453 comment b. Where the facts are in dispute or room exists for a reasonable difference of opinion on whether the intervening act is a superseding cause, the question is for the jury. *Haumersen*, 257 N.W.2d at 15; Restatement (Second) of Torts § 453 comments b and c.

We conclude the trial court correctly rejected Hy-Vee's requested jury instruction on superseding cause. It was not supported by substantial evidence. The undisputed evidence revealed that medical treatment rendered to Weems was not an extraordinary or unforeseeable act. It was within the scope of the original risk of harm of Hy-Vee's negligence. Hy-Vee exposed Weems to the risk of harm and under the superseding cause analysis, it is immaterial that the precise harm to Weems was rare or even unforeseeable. The instructions by the court properly allowed the jury to consider whether the negligence of Hy-Vee was a proximate cause of the subsequent spinal meningitis, but under the record in this case it was not possible to conclude that the epidural block treatment was a superseding cause.

**AFFIRMED.**