MICHELLE JONES, APPELLANT, V. SCOTT A. MEYER, APPELLEE.

594 N.W. 2d 610

Filed May 21, 1999. No. S-98-495.

Vincent M. Powers, of Vincent M. Powers & Associates, for appellant.

Thomas B. Wood, of Baylor, Evnen, Curtiss, Grimit & Witt, for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, MCCORMACK, and MILLER-LERMAN, JJ.

MCCORMACK, J.

## NATURE OF CASE

Michelle Jones, also known as Michelle Moeller, appeals the decision of the district court for Lancaster County, Nebraska, in which the jury awarded Jones $10,000 in damages for an automobile accident involving Jones and appellee Scott A. Meyer. Jones is challenging the adequacy of the damages. We affirm.

## BACKGROUND

This appeal arises from an automobile collision which occurred on April 9, 1995, at the intersection of 15th and F Streets in Lincoln, Nebraska, involving a vehicle operated by Jones and a vehicle operated by Meyer. Jones was taken to

Lincoln General Hospital but was discharged the same night after tests returned normal results and she was referred to her family physician, a Dr. Grenier. Rather than seeing Grenier, Jones went to see Dr. David L. Timperley, a chiropractor, on April 14. Over the next 2 years 7 months, Timperley treated Jones on approximately 100 occasions.

Jones commenced this action against Meyer, claiming that the collision was caused by Meyer's negligence, that Jones was injured as a result of that negligence, and that Jones sustained damages. Meyer admitted in his amended answer that his negligence was the proximate cause of the collision, but denied that his negligence was the proximate cause of Jones' injuries and denied that Jones' injuries were of the nature, severity, or extent alleged by Jones.

Trial was held in the Lancaster County District Court. Timperley was called by Jones to testify. Timperley testified that when he saw Jones for the first time on April 14, 1995, Jones told him she had been in a car accident and complained of neck pain, headaches, nausea, back pain, and pain in her left arm. Jones' subsequent visits to Timperley continued to be for back pain, neck pain, and headaches. Timperley gave the opinion that Jones has some permanent impairment to the cervical and thoracic spine. Timperley also gave the opinion that the collision that occurred on April 9 was the proximate cause of the injuries for which he had treated Jones. Timperley testified that he believed his charges for treating Jones were fair, reasonable, and necessitated by the injuries Jones suffered in the April 9 collision. On cross-examination, Timperley testified that he was not aware of any history of headaches Jones had prior to the accident, nor was he aware of any treatments or medications Jones had received for headaches prior to the accident.

Jones testified on her own behalf. On direct examination, Jones testified that prior to the accident, she had never been treated for any neck or back injuries and that she had never been treated by a physician for any headaches. On cross-examination, however, she admitted that she saw a Dr. Schneider, a family physician, in February 1995 for a headache she had had for several weeks and for problems in her neck and back. Schneider prescribed Darvocet for her. Jones testified that Schneider told

her the symptoms were caused by a cold that had settled in her chest and back area and that the Darvocet was prescribed to alleviate the cold symptoms. Jones also testified that she was treated by Timperley because of pain she incurred after performing various activities, including moving out of her apartment, cleaning, and sitting on bleachers at a football game, as well as from bronchitis and work-related stress. In addition, Jones' treatment by Timperley was disrupted by three breaks in time: There was a 3-month gap from October 1995 until January 1996, a 2½-month gap from February to May 1996, and another 2½-month gap from August to November 1996.

Jones presented evidence of the following expenses arising from Meyer's negligence:

| | |
|---|---|
| Auto damage | $ 7,021.74 |
| Auto rental | 1,072.27 |
| Lincoln General Hospital | 240.70 |
| Radiology Associates, P.C. | 47.00 |
| Promed Services | 73.50 |
| David L. Timperley, P.C. | 4,360.00 |
| Total | $12,815.21 |

In the pretrial order, the parties stipulated as to the fairness and reasonableness of the bills of Lincoln General Hospital and Radiology Associates. During the trial, the parties stipulated to the amount of the property damage. The jury was subsequently instructed that the reasonable value of the cost of repair of Jones' automobile was $7,021.74 and that the cost to rent a substitute vehicle was $1,072.27. The other expenses were enumerated by the respective bills which were received into evidence. After the trial, the jury returned a verdict in favor of Jones for $10,000.

Jones filed a motion for new trial alleging, in part, inadequacy of the verdict. The motion was overruled, and Jones perfected this appeal. On our own motion, we moved this case to our docket pursuant to our authority to regulate the caseloads of this court and the Nebraska Court of Appeals.

## ASSIGNMENT OF ERROR
Jones assigns that the jury's award of damages shows a disregard of the evidence and is inadequate as a matter of law.

## STANDARD OF REVIEW

The amount of damages to be awarded is a determination solely for the fact finder, and its action in this respect will not be disturbed on appeal if it is supported by evidence and bears a reasonable relationship to the elements of the damages proved. *Reiser v. Coburn*, 255 Neb. 655, 587 N.W.2d 336 (1998).

## ANALYSIS

Jones argues that the jury's award of $10,000 was inadequate as a matter of law because she clearly established at trial medical and automobile-related expenses totaling $12,815.21. Jones asserts that the award must be inadequate because without even considering pain and suffering, it is less than the amount of special damages arising from the accident.

Jones relies on *Murrish v. Burkey*, 1 Neb. App. 650, 510 N.W.2d 366 (1993), which is a personal injury case resulting from a car accident wherein the Court of Appeals found the jury verdict to be inadequate. In *Murrish,* the parties stipulated that a medical expert would have testified that the following medical expenses for treatment of Murrish's broken arm were fair, reasonable, and *necessitated* by the accident: $5,753.09 for the hospital stay, $980 for the surgeon, $240 for the anesthesiologist, $198 for the radiologist, and $175 for physical therapy. After the trial court accepted and approved the stipulation during the trial, the trial court instructed the jury to accept the stipulation as fact. The jury found in favor of Murrish in the amount of $5,753.09, the cost of the hospital stay. The Court of Appeals concluded that it was not possible for the jury to find that the defendant was liable for Murrish's injury, but not liable for all of the undisputed medical expenses related to the injury.

The decision in *Murrish v. Burkey, supra*, was based on *O'Neil v. Behrendt*, 212 Neb. 372, 322 N.W.2d 790 (1982), also a personal injury case resulting from a car accident wherein the court found the jury verdict to be inadequate. Both parties in *O'Neil* stipulated that a medical expert would have testified that the plaintiff's fair and reasonable medical expenses as a result of the accident were $1,641.18. The plaintiff appealed the jury's verdict awarding the plaintiff $1,000 as being clearly inadequate. The defendant argued that the figures for medical expenses in the stip-

ulation were no more binding on the jury than they would have been if they had been presented by an expert witness in person. This court agreed, but pointed out that "the testimony was undisputed, and that fact may be considered in determining whether or not the verdict was inadequate." *Id.* at 377, 322 N.W.2d at 793.

This court addressed a similar but different situation in *Reiser v. Coburn, supra.* In *Reiser,* the parties stipulated that medical and funeral bills in the amount of $33,747.72 were necessitated as a result of the accident. The stipulation was different from that in *Murrish v. Burkey, supra,* and *O'Neil v. Behrendt, supra,* where the parties stipulated that a medical expert would have testified that the plaintiff's medical expenses were fair, reasonable, and necessitated by the accident. The stipulated expenses in *Reiser v. Coburn, supra,* were incorporated into a jury instruction to which neither party objected. Following trial, the jury found that Reiser's estate was entitled to damages in the amount of $17,000. The trial court then reduced this award by the percentage of Reiser's negligence, 49.9 percent, as determined by the jury, which resulted in a judgment of $8,517. This court concluded that the damage award was inadequate, holding that "there is no logical correlation between the stipulated and uncontroverted evidence regarding medical expenses and funeral and burial expenses incorporated in the trial court's instruction and the amount of the verdict returned by the jury . . . ." *Id.* at 665, 587 N.W.2d at 343.

The present case is distinguishable from *Murrish v. Burkey,* 1 Neb. App. 650, 510 N.W.2d 366 (1993); *O'Neil v. Behrendt, supra*; and *Reiser v. Coburn,* 255 Neb. 655, 587 N.W.2d 336 (1998). It is different from *Reiser* because the parties in the case at bar did not stipulate to the amount of any medical expenses necessitated by the accident. The parties stipulated that the $240.70 bill of Lincoln General Hospital and the $47 bill of Radiology Associates were fair and reasonable. There was not a stipulation as to the balance of the medical bills.

The present case is different from *Murrish v. Burkey, supra,* and *O'Neil v. Behrendt, supra,* because in both of those cases, the parties stipulated that a medical expert would have testified that a certain dollar amount of medical expenses was fair, reasonable, and necessitated by the respective accidents. In the

present case, there was no such stipulation. The parties did not stipulate that a medical expert would testify that the cost of Jones' medical treatment was fair, reasonable, and necessitated by the accident. Rather, a medical expert, Timperley, testified at trial that his charges for treating Jones were fair, reasonable, and necessitated by the injuries Jones suffered in the accident. Obviously, the jury did not believe that Timperley's bill for services was fair, reasonable, or necessitated. In addition, in *Murrish v. Burkey, supra,* and *O'Neil v. Behrendt,* 212 Neb. 372, 322 N.W.2d 790 (1982), both courts acknowledged that the figures for medical expenses in the stipulation were no more binding on the jury than they would have been if they had been presented by an expert witness in person. However, this court pointed out in *O'Neil* that the stipulated medical expenses were undisputed and that that fact could be considered in determining whether or not the verdict was inadequate.

Jones argues that her medical expenses are undisputed because her expenses were evidenced by the appropriate bills and there was no testimony or evidence to contradict Timperley's testimony that his charges for treating Jones were necessitated by the injuries Jones suffered in the April 9, 1995, accident. However, the admission of medical bills into evidence without objection does not amount to a concession by the opposing party that these services were necessitated by the accident. See *Schutt v. Schumacher,* 548 N.W.2d 381 (N.D. 1996). In addition, we determine that there is evidence to dispute Timperley's testimony that all of Jones' expenses resulting from her treatments by Timperley were necessitated by the injuries Jones suffered in the accident. Jones testified that in February 1995, before the accident, she went to see a family physician concerning a headache she had had for several weeks and for problems in her neck and back. Jones also testified that she was treated by Timperley because of pain she incurred after performing various activities, including moving out of her apartment, cleaning, and sitting on bleachers at a football game, as well as from bronchitis and work-related stress. In addition, Jones' treatment by Timperley was disrupted by the three breaks in time previously stated in this opinion. From this testimony, the jury could conclude that not all of the medical treatments

Jones has received since the accident were necessitated by the accident.

It is for the jury, as trier of the facts, to resolve conflicts in the evidence and to determine the weight and credibility to be given to the testimony of witnesses. *Bay v. House*, 226 Neb. 521, 412 N.W.2d 466 (1987). In addition, triers of fact are not required to take opinions of experts as binding upon them. *Anderson/Couvillon v. Nebraska Dept. of Soc. Servs.*, 253 Neb. 813, 572 N.W.2d 362 (1998). Determining the weight that should be given expert testimony is uniquely the province of the fact finder. *Id.*

There is conflicting evidence as to whether all of Jones' medical bills were necessitated by the April 9, 1995, accident. The jury's award exceeded the amount of the stipulated damages and the expenses from Lincoln General Hospital and Radiology Associates. Therefore, the jury could have reasonably concluded that the evidence did not support the finding that all of Jones' chiropractic expenses were a result of the accident. We conclude that the jury's award is supported by the evidence and bears a reasonable relationship to the elements of damages proved.

## CONCLUSION

For the foregoing reasons, we find the jury's award of damages is not inadequate as a matter of law.

AFFIRMED.