DEBBIE A. HAUSMAN, APPELLANT, V. GARAN J. COWEN AND HEARTFIELD STONE CONSTRUCTION GROUP, INC., A NEBRASKA CORPORATION, ALSO KNOWN AS HEARTFIELD STONE CO., APPELLEES.

601 N.W. 2d 547

Filed October 15, 1999.    No. S-98-333.

Daniel B. Cullan and Paul W. Madgett, of Cullan & Cullan, for appellant.

Patrick G. Vipond and Raymond E. Walden, of Lamson, Dugan & Murray, for appellees.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

MILLER-LERMAN, J.

## NATURE OF CASE

The automobile of Debbie A. Hausman, appellant, was struck from behind by a van driven by Garan J. Cowen while in the course of his employment with Heartfield Stone Construction Group, Inc. (Heartfield). The van was owned by Heartfield, a Nebraska corporation. Hausman sued Cowen and Heartfield, collectively referred to as "Cowen," to recover damages for injuries Hausman alleged she sustained as a result of the collision. At trial, Hausman sought a $2,000,000 award, and the jury awarded Hausman $10,000 in damages. Hausman appeals the verdict, claiming that the trial court erroneously refused to give her proposed instruction No. 19 and erred in denying her motion for new trial. We affirm.

## STATEMENT OF FACTS

On August 11, 1989, Hausman's Camaro automobile was struck from the rear by a van driven by Cowen in the course of his employment for Heartfield. The collision occurred at a stoplight at the intersection of 42d and F Streets in Omaha, Nebraska. Trial evidence conflicted regarding the force of the impact. Some witnesses testified the impact was a small bump or jolt which occurred at 2 to 3 miles per hour. In contrast, Hausman testified that Cowen's van hit her car with "tremen-

dous force." It was undisputed that the cost to repair damage to Hausman's car caused by the collision was $214.91.

Hausman did not request or receive medical care at the scene of the collision, and she continued on her way to work as a waitress at Johnny's Cafe. Three days later, she sought treatment from David Von Kerens, a chiropractor.

Hausman testified that after the accident, she suffered neck pain "like somebody was stabbing me in the neck with a stake all the time," eye pain and extreme sensitivity to light, mental "fog," and loss of memory, including loss of reading skills. Hausman also testified she experienced nausea and vomiting, facial skin discoloration, facial twitching and a sensation of tightness, nearly total loss of the use of her arms, a painful feeling that her lower back was "jammed," and depression. Medical records introduced into evidence showed that Hausman additionally complained to treatment providers that as a result of the collision, she suffered irregular menses, disrupted functioning of her thyroid gland, linguistic impairment causing her to speak backward, hair loss, dry skin, a 1-inch growth in height, and a weight gain of approximately 80 pounds. Hausman testified that her injuries were so severe and persistent that "[t]his pain just kept eating at me and eating at me, and I broke down." Hausman testified that she stopped working in August 1991 because she felt she could no longer perform the tasks required of her as a waitress and as a supermarket cashier.

During the period of August 1989 through September 1993, Hausman sought and received treatment from numerous health care professionals, including three psychologists; two chiropractors; and at least nine medical doctors, including two neurologists, two orthopedic specialists, an internist, a vascular surgeon, an otolaryngologist, and a pain-control specialist. Following commencement of litigation, at Cowen's request, Hausman was additionally examined by an orthopedic surgeon, a psychologist, and a psychiatrist. None of the treatment providers could discern an anatomical basis for the symptoms and severity of pain that Hausman described. At least three of Hausman's health care providers, and both of the mental health professionals designated by Cowen, suggested that Hausman would benefit from mental health counseling to address her

complaints. Records from many of the health care providers described unusual and dramatic behavior by Hausman, including wearing two pairs of sunglasses at the same time, exaggerated groaning during examinations, and markedly inconsistent descriptions of her physical symptoms.

Hausman continuously received chiropractic treatment from Von Kerens from August 1989 through the time of trial in January 1998, seeing him up to six times per week. In October 1993, Hausman sought care from Horst G. Blume, a neurosurgeon in Sioux City, Iowa. Blume diagnosed injury to Hausman's lumbar spine and the disks of Hausman's cervical spine, which he believed were caused by the motor vehicle collision with Cowen. By the time of trial, Blume had performed four fusion surgeries on Hausman's back. Hausman testified that she considered these surgeries essential to her recovery, stating that "[Blume] saved my life. I would have been dead."

On August 9, 1993, Hausman filed suit against Cowen in the district court for Douglas County seeking damages for injuries Hausman alleged she suffered as a result of the collision. Hausman's claims were tried to a jury January 20 through 29, 1998. She presented evidence that her special damages totaled more than $146,000, including charges by Von Kerens of $12,434.80 and charges by Blume of $67,354.75. Hausman offered expert witness testimony from Von Kerens and Blume regarding the cause and extent of her injuries. Von Kerens and Blume also testified that their charges, as well as the charges of every other health care professional whom Hausman consulted, were fair and reasonable.

Cowen denied that the damages claimed by Hausman were proximately caused by the collision and denied that the charges for Hausman's health care were fair or reasonable. At trial, Cowen presented expert witness testimony that all of the medical treatment rendered by Blume and most of the chiropractic treatment provided by Von Kerens were unnecessary and unreasonable.

Cowen presented the testimony of at least two expert witnesses that Hausman had a somatoform disorder, a condition explained in a psychiatric evaluation report authored by Terry Davis, M.D., in which "there are physical symptoms suggesting

a physical disorder, but for which no demonstrable organic cause can be found, and which appear linked to psychological factors or conflicts."

Cowen presented evidence with respect to Hausman's prior and successive injuries exclusive of this collision. There was evidence that Hausman was involved in a separate automobile accident with another motorist on January 3, 1990, after her collision with Cowen.

At trial, Hausman offered proposed instruction No. 19, which Hausman purportedly based on Restatement (Second) of Torts § 457 (1965). The proposed instruction No. 19 submitted by Hausman read as follows:

> If you find that the Plaintiff has suffered personal injury by reason of Defendants' negligence and if you find that the Plaintiff used reasonable care and diligence in securing competent physicians and surgeons for treating her injury, you may also find that the Defendants are liable for any additional harm and expense caused the Plaintiff by the negligence, mistake, or lack of skill of her attending physicians and surgeons.

The trial court refused to give this instruction, commenting: "I think as an abstract statement of the law, I think you're right, but I don't think the evidence gives rise to an inference of negligence or that the guy was mistaken or that his fusions and whatever were performed unskillfully. I'm not going to give that instruction." The trial court directed a verdict in Hausman's favor, finding Cowen negligent in causing the collision. Thus, the only issue submitted to the jury was the amount of damages to be awarded to Hausman.

In closing arguments, Hausman's counsel requested that the jury award Hausman $2,000,000. The jury rendered a general verdict awarding Hausman $10,000. Hausman timely moved for a new trial, which was denied. Hausman appeals.

## ASSIGNMENTS OF ERROR

Hausman claims that the trial court erred in refusing to give the proposed jury instruction No. 19. Hausman also claims that the trial court erred in overruling her motion for new trial.

## STANDARDS OF REVIEW

To establish reversible error from a court's refusal to give a requested instruction, an appellant has the burden to show that (1) the appellant was prejudiced by the court's refusal to give the tendered instruction, (2) the tendered instruction is a correct statement of the law, and (3) the tendered instruction is warranted by the evidence. *Walkenhorst v. State*, 253 Neb. 986, 573 N.W.2d 474 (1998). In reviewing a claim of prejudice from instructions given or refused, the instructions must be read together, and if, taken as a whole, they correctly state the law, are not misleading, and adequately cover the issues supported by the pleadings and evidence, there is no prejudicial error necessitating reversal. *Cobb v. Sure Crop Chem. Co.*, 255 Neb. 625, 587 N.W.2d 355 (1998).

On questions of law, a reviewing court has an obligation to reach its own conclusions independent of those reached by the lower courts. *Gallner v. Gallner, ante* p. 158, 595 N.W.2d 904 (1999).

A motion for new trial is addressed to the discretion of the trial court, whose decision will be upheld in the absence of an abuse of discretion. A motion for new trial is to be granted only when error prejudicial to the rights of the unsuccessful party has occurred. *Phillips v. Industrial Machine, ante* p. 256, 597 N.W.2d 377 (1999).

The amount of damages to be awarded is a determination solely for the fact finder, and its action in this respect will not be disturbed on appeal if it is supported by the evidence and bears a reasonable relationship to the elements of the damages proved. *Jones v. Meyer*, 256 Neb. 947, 594 N.W.2d 610 (1999).

## ANALYSIS

*Refusal of Proposed Jury Instruction No. 19.*

In a negligence action, a plaintiff must establish a duty of the defendant not to injure the plaintiff, a breach of that duty, proximate causation, and damages. *Koltes v. Visiting Nurse Assn.*, 256 Neb. 740, 591 N.W.2d 578 (1999). On appeal, Hausman argues that at trial she met her burden of proof as to all the elements of a negligence action. In particular, she argues that she established that all of her injuries were proximately caused by the collision

with Cowen, that all of the medical treatment she received was reasonably necessary, and that all charges therefor were fair and reasonable. Hausman claims that her ability to present her claim to the jury was prejudiced by the trial court's refusal to give the jury her proposed instruction No. 19, which would have instructed jurors that if they found Hausman to have exercised reasonable diligence in securing competent medical care providers, "you may also find that the Defendants are liable for any additional harm and expense caused the Plaintiff by the negligence, mistake, or lack of skill of her attending physicians and surgeons."

Hausman claims that her proposed instruction No. 19 correctly represents the rationale of Restatement (Second) of Torts § 457 (1965). Hausman urges this court to expressly adopt § 457 as a basis for a jury instruction. Section 457 at 496 states:

> If the negligent actor is liable for another's bodily injury, he is also subject to liability for any additional bodily harm resulting from normal efforts of third persons in rendering aid which the other's injury reasonably requires, irrespective of whether such acts are done in a proper or a negligent manner.

Courts in some jurisdictions have specifically adopted § 457 to allow recovery of damages for additional bodily harm sustained in the course of medical treatment reasonably sought by a plaintiff as a result of initial injuries proximately caused by the defendant. See, e.g., *Dungan v. Ford*, 632 So. 2d 159 (Fla. App. 1994); *Edwards v. Sisler*, 691 N.E.2d 1252 (Ind. App. 1998); *Weems v. Hy-Vee Food Stores, Inc.*, 526 N.W.2d 571 (Iowa App. 1994); *Kemper National v. Smith*, 419 Pa. Super. 295, 615 A.2d 372 (1992); *Rine by and through Rine v. Irisari*, 187 W. Va. 550, 420 S.E.2d 541 (1992). Courts that have adopted § 457 have expressly determined that in order to establish a claim for damages under § 457, a plaintiff must prove that additional harm was suffered due to the negligence of health care providers, and the underlying negligence is the commencement of the causal chain. Failure of proof on either issue bars recovery under § 457. See, *Avery v. Ward*, 326 Ark. 830, 934 S.W.2d 516 (1996); *Madrid v. Safeway Stores, Inc.*, 709 P.2d 950 (Colo. App. 1985); *Gonzalez v. Leon*, 511 So. 2d 606 (Fla. App. 1987); *Ichelson v.*

*Wolfe Clinic, P.C.*, 576 N.W.2d 308 (Iowa 1998); *Younger v. Marshall Industries, Inc.*, 618 So. 2d 866 (La. 1993); *Dauzat v. Canal Ins. Co.*, 692 So. 2d 739 (La. App. 1997); *Peters v. Ballard*, 58 Wash. App. 921, 795 P.2d 1158 (1990), *review denied* 115 Wash. 2d 1032, 803 P.2d 325.

Cowen's defense at trial and position on appeal was generally that Hausman failed to prove that her claimed injuries were proximately caused by the collision with Cowen and that in any event, she failed to prove that the damages she claimed, including charges for all her medical care, were necessary or reasonable. In particular, with respect to Hausman's proposed instruction No. 19, Cowen argues that the evidence shows that Hausman did not suffer additional harm or expense caused by the negligence, mistake, or lack of skill of Hausman's medical care providers. Thus, Cowen argues, there is no basis in the record to give Hausman's proposed instruction No. 19, an instruction based on Restatement (Second) of Torts § 457 (1965). We agree with Cowen that the evidence does not support the giving of proposed instruction No. 19.

It is readily apparent from the record that Hausman failed to establish the additional injury prerequisite to the giving of an instruction based on § 457 and that the trial court correctly refused to give proposed instruction No. 19. Hausman attributed all of her injuries and medical care necessitated thereby to the collision with Cowen, but she presented no evidence that she sustained "any additional harm" as indicated in proposed instruction No. 19 or "additional bodily harm" from any health care provider, including Von Kerens and Blume, as indicated in § 457. To the contrary, Hausman testified that she obtained beneficial relief from the chiropractic adjustments by Von Kerens and the surgical treatment provided by Blume. Hausman testified unequivocally that the surgeries performed by Blume "have been permanent improvement and not temporary improvement" and that she received treatment from Von Kerens up to six times per week because "I'd go see him, and he would adjust something and, you know, I'd get a little relief."

Consistent with Hausman's testimony, the trial court refused Hausman's proposed instruction No. 19 because the trial court

found that "I don't think the evidence gives rise to an inference of negligence or that the [health care professional] was mistaken or that his fusions and whatever were performed unskillfully." There is no evidence in the voluminous trial record to suggest that Hausman suffered "additional bodily harm" within the meaning of § 457, and accordingly, there was no evidence to support giving proposed instruction No. 19.

■ Jury instructions should be confined to the issues presented by the pleadings and supported by the evidence. *Everts v. Hardcopf-Bickley, ante* p. 151, 595 N.W.2d 911 (1999). This is so because instructions on matters not at issue in the litigation improperly distract the jury from its efforts to answer legitimate factual questions raised during the trial. *Sacco v. Carothers*, 253 Neb. 9, 567 N.W.2d 299 (1997). Given the absence of proof that Hausman suffered additional harm or additional bodily harm as a result of medical care rendered to her after the collision, the trial court did not err in refusing Hausman's proposed instruction No. 19. Hausman's first assignment of error is without merit.

*Denial of Motion for New Trial.*

After the jury rendered its $10,000 verdict, Hausman filed a motion for new trial alleging, inter alia, "[e]rror in the assessment of the amount of recovery." On appeal, Hausman argues that it was "undisputed and uncontested" that she suffered at least a soft-tissue injury and that in awarding her only $10,000, "the jury had to disregard the undisputed evidence and the instructions on damages provided by the Court." Brief for appellant at 42.

The amount of damages to be awarded is a determination solely for the fact finder, and its findings will not be disturbed on appeal if they are supported by evidence and bear a reasonable relationship to the elements of the damages proved. *Jones v. Meyer*, 256 Neb. 947, 594 N.W.2d 610 (1999). In addition, the valuation of complaints of a subjective nature, such as those present in the instant case, is for the jury to determine. *Macholan v. Wynegar*, 245 Neb. 374, 513 N.W.2d 309 (1994). In this case, the jury was presented with a plethora of expert opinions. Those which Hausman offered supported her injury and damages

claims, while evidence introduced by Cowen disputed, inter alia, the necessity and reasonableness of Hausman's care and the charges therefor.

Our review of the trial record leads us to conclude that there is evidence therein which supports the jury's verdict. The jury, as the finder of fact in this case, was not required to accept the opinion of any expert witness as binding upon it. Determining the weight to be given expert testimony is uniquely within the province of the fact finder, and the jury, as the trier of fact, was entitled to resolve conflicts in the evidence and to determine the weight and credibility to be given to the witnesses' testimony. *Jones v. Meyer, supra.*

Hausman argues that Cowen conceded in closing arguments that Hausman could have suffered minor short-term soft-tissue strain as a result of the collision, and, therefore Hausman claims Cowen admitted the necessity and reasonableness of all of Hausman's medical care and costs. We disagree. Comments by counsel in closing arguments are not evidence. *State v. Benzel,* 220 Neb. 466, 370 N.W.2d 501 (1985). In the instant case, Cowen clearly contested the necessity of Hausman's medical care and Hausman's damages and offered experts of his own whose testimony put in doubt Hausman's claimed damages. Cowen's comment in closing argument is not an admission that Hausman was entitled to all the damages she sought.

The directed verdict regarding Cowen's negligence in causing the collision and the fact that in closing argument Cowen may have conceded that Hausman could have sustained minor temporary soft-tissue strain in the collision are not factors that relieved Hausman from her burden of proof to establish the existence and causation of her injuries, the necessity and reasonableness of the treatment she received for them, and the charges therefor. See *Jones v. Meyer, supra.*

The amount of the verdict in this case was a matter uniquely within the jury's province as the finder of fact. The verdict is supported by evidence in the record, and the trial court did not abuse its discretion in denying Hausman's motion for new trial. Hausman's second assignment of error is without merit.

862

## CONCLUSION
We find no error committed by the trial court. The order of the trial court entered on the jury's verdict is, therefore, affirmed.

AFFIRMED.