605 N.W.2d 777 (2000)
258 Neb. 671
James V. REIMER and Barbara Jensen, Personal Representatives of the Estate of Louis W. Reimer, Jr., deceased, appellants,
v.
SURGICAL SERVICES OF THE GREAT PLAINS, P.C., and Thomas C. Howard, M.D., appellees.
No. S-98-511.
Supreme Court of Nebraska.
January 28, 2000.
*778 Denzel R. Busick, of Luebs, Leininger, Smith, Busick, Johnson, Baack, Placzek & Steele, Grand Island, for appellants
Thomas J. Shomaker and Gerald L. Kratochvil, of Sodoro, Daly & Sodoro, Omaha, for appellees.
HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, McCORMACK, and MILLER-LERMAN, JJ.
*779 CONNOLLY, J.
The appellants, James V. Reimer and Barbara Jensen, the personal representatives of the estate of Louis W. Reimer, Jr. (Reimer), filed this medical malpractice action against the appellees, Thomas C. Howard, M.D., and his employer, Surgical Services of the Great Plains, P.C. During trial, the district court refused to allow the appellants to question one of Howard's expert witnesses regarding whether the expert and Howard carried professional liability insurance issued by the same company. The trial court also refused to give a causation instruction that utilized the term "substantial factor" instead of instructing on proximate cause. We affirm.

BACKGROUND
Reimer was treated by Howard in 1992 after a cancerous mass was discovered in Reimer's esophagus. Howard recommended that surgery be performed and subsequently removed the mass on April 7, 1992. Following the surgery, it was discovered that Reimer had an infection due to a leaking anastomosis just below two clips that had been used in surgery for suturing. Because the tissue in the area appeared healthy, Howard performed a "patch up" of the leak rather than pursuing other forms of surgery. According to the appellants' experts, such actions did not meet the minimum standard of medical care and ensured that the problem would continue.
Approximately 1 week later, the anastomosis began to leak again. At this time, there was a disagreement between physicians caring for Reimer regarding what the course of treatment should be. The record indicates that several physicians believed that without additional surgery, Reimer would die. However, Howard disagreed. In late May 1992, a physician again expressed the opinion that without additional surgery, Reimer would die. Howard did not perform surgery at that time, because in his opinion, Reimer was too weak to survive the operation. Reimer died on May 31.
The appellants brought a wrongful death action against the hospital where Reimer underwent the surgery, Howard, four other physicians, and Howard's employer and the other physicians' employer on the basis of respondeat superior. Prior to trial, a judge's entry shows the hospital was dismissed from the action. Following trial, a court order was entered dismissing the other physicians. Although this dismissal occurred after trial, it appears from the record that the trial was conducted on only the issue of whether Howard or his employer was negligent and that the verdict forms listed only Howard and his employer as defendants. Before trial, the court sustained Howard's motion in limine seeking to prevent the appellants from inquiring about whether Howard and one of his expert witnesses were covered by the same insurance company. During trial, the appellants provided an offer of proof in which it was indicated that Howard and the expert witness were both covered by the same insurance company. The appellants sought to present this evidence to the jury on the basis that it went to the question of bias. Other than the possibility that Howard and the expert witness shared the same insurance carrier, no other facts indicating bias were introduced as part of the offer of proof. Howard objected, contending that any bias shown by the evidence was outweighed by unfair prejudice. The trial court sustained the objection.
When the case was submitted to the jury, the court instructed the jury that "[a] proximate cause is a cause that produces a result in a natural and continuous sequence, and without which the result would not have occurred. A proximate cause need not be the sole cause." See *780 NJI2d Civ. 3.41. The appellants objected to the instruction on the basis that it did not instruct the jury utilizing language that would allow them to find liability if Howard's actions were a "substantial factor" in bringing about the harm. The objection was overruled. The jury returned a verdict in favor of Howard and this appeal followed.

ASSIGNMENTS OF ERROR
The appellants assign that the trial court erred in (1) refusing to allow them to question Howard's expert witness about his professional liability insurance carrier for the purpose of showing potential bias and (2) giving a proximate cause instruction that did not tell the jury that it could find Howard liable if his actions were "substantial factors" in contributing to Reimer's death.

STANDARD OF REVIEW
The admissibility of evidence is reviewed for an abuse of discretion where the Nebraska Evidence Rules commit the evidentiary question at issue to the discretion of the trial court. Stumpf v. Nintendo of America, 257 Neb. 920, 601 N.W.2d 735 (1999). An abuse of discretion occurs when the trial judge's reasons or rulings are clearly untenable, unfairly depriving a litigant of a substantial right and denying just results in matters submitted for disposition. Id.
To establish reversible error from a court's refusal to give a requested instruction, an appellant has the burden to show that (1) the appellant was prejudiced by the court's refusal to give the tendered instruction, (2) the tendered instruction is a correct statement of the law, and (3) the tendered instruction is warranted by the evidence. Hausman v. Cowan, 257 Neb. 852, 601 N.W.2d 547 (1999); Doe v. Gunny's Ltd. Partnership, 256 Neb. 653, 593 N.W.2d 284 (1999).

ANALYSIS

Evidence of Insurance
The appellants contend that the trial court should have allowed them to cross-examine one of Howard's expert witnesses about the fact that the expert and Howard had the same professional liability insurance carrier. According to the appellants, they should have been able to cross-examine the expert on the issue because Neb. Rev. Stat. § 27-411 (Reissue 1995) allows evidence that a person is insured when that evidence is offered for the purpose of showing bias on the part of a witness. The appellants further contend that even if the admission of evidence of insurance would have been prejudicial, the probative value of the evidence was not outweighed by any unfair prejudice. In particular, the appellants argue that with the evidence excluded, they had no alternate way to present evidence of the potential bias to the jury.
Section 27-411 provides:
Evidence that a person was or was not insured against liability is not admissible upon the issue whether he acted negligently or otherwise wrongfully. This rule does not require the exclusion of evidence of insurance against liability when offered for another purpose, such as proof of agency, ownership, or control, or bias or prejudice of a witness.
However, Neb. Rev. Stat. § 27-403 (Reissue 1995) provides: "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."
Any reference to insurance where its presence or absence is tangential to the facts at issue should be carefully scrutinized. Stumpf v. Nintendo of America, *781 supra. Other jurisdictions that have considered the issue overwhelmingly hold that the remote potential for bias of a witness on the basis of sharing the same insurance carrier as the defendant must be balanced against the prejudicial effect of its admission. See, e.g., Mills v. Grotheer, 957 P.2d 540 (Okla.1998) (citing cases); Wallace v. Leedhanachoke, 949 S.W.2d 624 (Ky.App.1996) (citing cases); Warren v. Jackson, 125 N.C.App. 96, 479 S.E.2d 278 (1997) (citing cases). Thus, it is held that a plaintiff must establish that an expert has more connection to a defendant's insurer than that of the policyholder or member in order for the evidence to be admissible. See, Mills v. Grotheer, supra; Warren v. Jackson, supra; Otwell v. Bryant, 497 So.2d 111 (Ala.1986); Mendoza v. Varon, 563 S.W.2d 646 (Tex.Civ.App. 1978). As one court has noted, absent evidence that a witness has a direct interest in the outcome of the litigation, such as an agent, owner, or employee of the defendant's insurer, the potential for bias is too remote and is outweighed by the prejudice its admission would cause. Mendoza v. Varon, supra.
In the instant case, the potential for unfair prejudice by admission of evidence of insurance is high because the jury might wrongfully consider the presence of insurance when considering the issue of negligence or damages. At the same time, the fact that Howard and his expert shared the same insurance carrier had little or no probative value on the issue of bias in the instant case. The appellants presented no evidence of bias other than the mere fact that Howard and his expert were policyholders of insurance issued by the same carrier. Absent other facts to indicate bias, the facts of the instant case indicate only a remote possibility of bias. Under these circumstances, the probative value is substantially outweighed by the danger of unfair prejudice. Accordingly, the trial court did not abuse its discretion in refusing to allow the appellants to present evidence regarding the common insurance carrier.

Jury Instruction on Proximate Cause
The appellants contend that the trial court erred in giving the proximate cause instruction that "a proximate cause is a cause that produces a result in a natural and continuous sequence and without which the result would not have occurred." The appellants argue that because all people die regardless of another's negligence, this instruction foreclosed the jury from ever determining that Reimer died as a result of Howard's negligence. Instead, the appellants requested an instruction that the jury could find liability if Howard's actions were a substantial factor in bringing about Reimer's death.
A defendant's negligence is not actionable unless it is the proximate cause of the plaintiff's injuries or is a cause which proximately contributed to them. Kudlacek v. Fiat S.p.A., 244 Neb. 822, 509 N.W.2d 603 (1994). We have stated that the substantial factor test harmonizes with Nebraska law regarding proximate cause when multiple causes act to produce a single injury or when the active negligence of a third person is also a substantial factor in bringing about the harm. See id. This is the case because when there are multiple causes to an injury, liability could never be established under the standard proximate cause instruction. See W. Page Keeton et al., Prosser and Keeton on the Law of Torts § 41 (5th ed. 1984 & Supp. 1988). Under such circumstances, an instruction that a defendant's conduct is a cause of an event if it was a substantial factor in bringing it about is appropriate. Id. Thus, "[t]he substantial-factor rule was developed primarily for cases in which application of the but-for rule would allow each defendant to escape responsibility because the conduct of one or more others would have been sufficient to produce the same result." Id. at 268.
In the instant case, the jury was concerned only with the action of one person, Howard. The trial did not involve allegations *782 of multiple causes of injury. Under these circumstances, there was no need to give a causation instruction that included the substantial factor test. Further, the fact that everyone dies has no bearing on the instruction regarding proximate cause, rather, the issue is whether Howard's actions hastened Reimer's death. We find this assignment of error to be without merit.

CONCLUSION
We conclude that the trial court did not abuse its discretion in refusing to allow evidence that Howard and one of his expert witnesses shared the same insurance carrier. We also conclude that the jury was properly instructed regarding proximate cause. Finding no error, the decision of the trial court is affirmed.
AFFIRMED.
STEPHAN, J., not participating.