VALERIE ANN SPRINGER, APPELLEE, V.
TODD BOHLING, APPELLANT.

643 N.W.2d 386

Filed May 3, 2002.    No. S-00-918.

Joel D. Nelson, of Keating, O'Gara, Davis & Nedved, P.C., L.L.O., for appellant.

Rolf Edward Shasteen for appellee.

WRIGHT, CONNOLLY, GERRARD, McCORMACK, and MILLER-LERMAN, JJ.

GERRARD, J.

## NATURE OF CASE

This case is before our court for a second time. The appellee, Valerie Ann Springer, was injured when the bicycle she was riding was struck by an automobile driven by the appellant, Todd Bohling. Springer had sued Bohling, but, pursuant to a jury verdict, the district court entered judgment for Bohling based upon Springer's contributory negligence. Springer appealed. See *Springer v. Bohling*, 259 Neb. 71, 607 N.W.2d 836 (2000). This court reversed the judgment and remanded the cause for a new trial. After a second trial, a jury verdict was returned for Springer and both parties filed posttrial motions for new trial. Springer claimed that the damages awarded by the jury were inadequate, while Bohling claimed that the jury should have been instructed on contributory negligence. The district court granted Springer's motion, but denied Bohling's. Bohling appeals the district court's order granting a new trial. For the following reasons, we affirm as modified.

## FACTUAL BACKGROUND

The accident in which Springer was injured occurred near the intersection of 14th and Court Streets in Lincoln, Nebraska. This is a T-shaped intersection, such that a vehicle approaching from the east on Court Street must turn either north or south onto 14th Street. Court Street has three lanes at the 14th Street intersection: one lane for vehicles traveling east, one lane for vehicles turning north onto 14th Street, and a left-turn lane for vehicles turning south onto 14th Street. Vehicles already traveling north or south on 14th Street are not required to stop at this

intersection, but there is a stop sign facing traffic approaching from the east on Court Street.

The circumstances of the accident were set forth as follows in our opinion in *Springer*:

> Springer was riding her bicycle home from work at about 5 p.m. on October 15, 1996. Springer rode south on the sidewalk parallel to 14th Street, approaching the intersection of 14th and Court Streets. Springer rode to a private driveway on 14th Street, across from and slightly to the south of Court Street. Springer stopped there and waited for traffic on 14th Street to clear so that she could cross 14th Street and proceed east on Court Street.
>
> As Springer waited, she saw Bohling's vehicle sitting at the stop sign on Court Street in the left-turn lane. The vehicle's left turn signal was on and Bohling was evidently waiting to turn left from Court Street to proceed south on 14th Street. Springer waited between 2 to 5 minutes for traffic to clear on 14th Street.
>
> When the traffic on 14th Street cleared, Springer looked at Bohling's vehicle and confirmed that it was still stationary. Springer then looked across 14th Street where she intended to cross, and rode onto 14th Street. About halfway across the street, Springer looked to her right, and then back to her left toward Bohling's vehicle. Springer did not see the vehicle pull away from the stop sign or begin its turn. When Springer looked back to her left, Bohling's vehicle was already coming toward her. Bohling's vehicle struck Springer, and she was injured. The evidence was undisputed that Bohling never saw Springer prior to impact.

259 Neb. at 72-73, 607 N.W.2d at 837-38.

## PROCEDURAL BACKGROUND

At the first trial, the district court entered a verdict for Bohling based upon a finding by the jury that Springer had been contributorily negligent. Springer appealed, assigning that the district court erred in instructing the jury regarding whether Springer failed to yield the right-of-way and that the evidence was insufficient to support the verdict. In support of the second assignment

of error, Springer's argument was essentially that there was no evidence to support a finding of contributory negligence.

We reversed the judgment and remanded the cause for a new trial, determining that

> based upon the evidence presented, it is clear that the duty to yield the right-of-way was not Springer's, but Bohling's. Since there was no evidence sufficient to support a finding that Springer failed to yield the right-of-way, it was error for the trial court to instruct the jury regarding Springer's duty to yield.

*Springer v. Bohling*, 259 Neb. 71, 76, 607 N.W.2d 836, 840 (2000). Since the cause was to be remanded for a new trial in any event, we specifically declined to address Springer's second assignment of error.

The present appeal is taken from the second trial in the district court. At the second trial, Bohling argued contributory negligence, based upon a theory different from the failure to yield the right-of-way, but the district court declined to give a contributory negligence instruction. The jury returned a verdict for Springer in the amount of $2,908.

Both parties filed motions for new trial. Bohling argued that the jury should have been instructed on contributory negligence. Springer argued that the damages were clearly inadequate. The district court denied Bohling's motion, but granted Springer's. The district court noted that during deliberations, the jury submitted written questions to the court, inquiring about whether Springer's damages had been paid by insurance. The district court also noted that the jury's verdict was at least $2,000 below Springer's stipulated medical expenses resulting from the accident. The district court thus vacated the verdict and restored the case to the active trial docket.

## ASSIGNMENTS OF ERROR

Bohling assigns, restated, that the district court erred in (1) failing to give a contributory negligence instruction because Springer was contributorily negligent by (a) failing to maintain a proper lookout and (b) entering a place of peril or danger without due care and (2) sustaining Springer's motion for new trial because the jury's verdict was inadequate.

## STANDARD OF REVIEW

■ A motion for new trial is addressed to the discretion of the trial court, and the trial court's decision will be upheld unless it is based upon reasons that are untenable or if its action is clearly against justice or conscience, reason, and evidence. *Holmes v. Crossroads Joint Venture*, 262 Neb. 98, 629 N.W.2d 511 (2001).

■ Whether the jury instructions given by a trial court are correct is a question of law. See *Russell v. Stricker*, 262 Neb. 853, 635 N.W.2d 734 (2001). When reviewing questions of law, an appellate court has an obligation to resolve the question independently of the conclusion reached by the trial court. *Smith v. Fire Ins. Exch. of Los Angeles*, 261 Neb. 857, 626 N.W.2d 534 (2001).

## ANALYSIS

We initially note that this appeal is presented in a somewhat unusual procedural posture in that Bohling is claiming on the one hand that a new trial should be ordered and claiming on the other hand that the district court erred by ordering a new trial. We view Bohling's arguments as being conditional: Bohling is arguing that a new trial should be ordered at which the jury is instructed on contributory negligence, but if this court should determine that a contributory negligence instruction was properly denied, then the jury's verdict from this trial should be reinstated.

### CONTRIBUTORY NEGLIGENCE

■ Bohling argues that the district court should have instructed the jury on contributory negligence. To establish reversible error from a court's failure to give a requested jury instruction, an appellant has the burden of showing that (1) the tendered instruction is a correct statement of the law, (2) the tendered instruction was warranted by the evidence, and (3) the appellant was prejudiced by the court's failure to give the requested instruction. *Paulk v. Central Lab. Assocs.*, 262 Neb. 838, 636 N.W.2d 170 (2001). Contributory negligence is conduct for which the plaintiff is responsible, amounting to a breach of the duty which the law imposes upon persons to protect themselves from injury and which, concurring and cooperating with actionable negligence on the part of the defendant, contributes to the injury. *Corcoran v. Lovercheck*, 256 Neb. 936, 594 N.W.2d 615 (1999). The instruction requested and refused in the instant

case would have instructed the jury that it could find Springer contributorily negligent in "failing to maintain a proper lookout" and in "moving suddenly from a place of safety to a place of peril or danger."

Intersection right-of-way is a qualified, not absolute, right to proceed through an intersection, exercising due care, in a lawful manner in preference to another vehicle. *Dolberg v. Paltani*, 250 Neb. 297, 549 N.W.2d 635 (1996). A motorist has the duty to look both to the right and to the left and to maintain a proper lookout for the motorist's safety and that of others. *Corcoran, supra.* One traveling on a favored street protected by stop signs of which one has knowledge may properly assume, until one has notice to the contrary, that motorists about to enter from a nonfavored street will come to a complete stop as near the right-of-way line as possible and yield the right-of-way to any vehicle approaching so closely on the favored highway as to constitute an immediate hazard if the driver at the stop sign moves into or across the intersection. *Id.* However, while one may assume, until having warning, notice, or knowledge to the contrary, that others will use a highway lawfully, one must nonetheless keep a proper lookout and watch where one is driving. See *Dolberg, supra.* The foregoing principles apply to bicyclists as well as drivers of motor vehicles. See *Springer v. Bohling*, 259 Neb. 71, 607 N.W.2d 836 (2000).

Given the facts established at trial, there was no evidence from which the jury could have determined that Springer failed to keep a proper lookout. We have previously explained what is meant by a driver's duty to keep a proper lookout:

> "[T]he driver of an automobile is legally and mandatorily obligated to keep such a lookout that he can see what is plainly visible before him and to operate his automobile in such a manner that he can stop it and avoid a collision with any object in front of him."

*Vilas v. Steavenson*, 242 Neb. 801, 807, 496 N.W.2d 543, 548 (1993).

The evidence in this case established that Springer saw Bohling's vehicle stopped at a stop sign and that Springer had the right-of-way. Springer kept a proper lookout and saw Bohling's vehicle. Springer's uncontested testimony established

that before proceeding into the intersection, Springer waited for traffic to clear and looked left, right, and ahead. It would, in fact, be inconsistent with Springer's duty to keep a proper lookout if that duty was construed to have required Springer to maintain her observation of Bohling at the expense of looking in other directions for other possible hazards. At an unobstructed intersection, Springer, having the right-of-way, had the right to assume that her right-of-way would be respected unless it would have appeared to an ordinarily careful and prudent person that to proceed would probably result in a collision. See *Muirhead v. Gunst*, 204 Neb. 1, 281 N.W.2d 207 (1979).

Bohling cites this court to the proposition that "a motorist's failure to look, when looking would have been effective in avoiding a collision, is negligence as a matter of law." *Krul v. Harless*, 222 Neb. 313, 322, 383 N.W.2d 744, 750 (1986). However, that rule is applicable to situations where another vehicle is indisputably located in a favored position or a driver charged with negligence as a matter of law has executed a dangerous driving maneuver which, in part, led to a collision. *Id.* To the extent those conditions exist in the instant case, they are present in Bohling's admitted negligence and cannot be used to establish any negligence on the part of Springer.

Bohling also argues that Springer was negligent in moving suddenly from a place of safety to a place of peril or danger. We have stated: " 'When one, being in a place of safety, sees and is aware of the approach of a moving vehicle in close proximity to him, suddenly moves from the place of safety into the path of such vehicle and is struck, his own conduct constitutes contributory negligence . . . .' " *Bixby v. Ayers*, 139 Neb. 652, 665, 298 N.W. 533, 540 (1941). It is evident that this proposition does not apply to the instant case. The undisputed facts established that Bohling's vehicle was stopped and was thus not "approaching" when Springer entered the intersection. In fact, this was the deciding factor of our decision in *Springer, supra*. Springer could not have moved " 'into the path' " of a stationary vehicle.

We confronted an argument similar to Bohling's in *Dolberg v. Paltani*, 250 Neb. 297, 549 N.W.2d 635 (1996). In that case, the trial court instructed the jury on the defendant's theory that the

plaintiff had been contributorily negligent in failing to anticipate that the defendant would run a red light. We held that

absent exceptional circumstances, a motorist on a favored street with a green light does not have the duty to antici- pate the negligence of a motorist on a cross street who runs a red light. By exceptional circumstances, we mean where the driver could have easily avoided the accident by exer- cising the slightest degree of care. As no such extreme cir- cumstances were present in this case, there was not suffi- cient evidence to support the court's submission of the issue of contributory negligence to the jury.

*Id.* at 304, 549 N.W.2d at 639.

Similarly, under the evidence in this case as reflected by the record, there was no factual issue presented as to whether Springer should have realized that Bohling was not going to yield the right-of-way. Bohling's proposed jury instruction was not warranted by the evidence. The district court did not err in refusing Bohling's contributory negligence instruction.

### INSUFFICIENT DAMAGES

▮▮▮▮▮ Bohling argues that the district court abused its dis- cretion in determining that the damages of $2,908 were inade- quate. In resolving that issue, we begin our analysis by observ- ing that a trial judge is accorded significant discretion in granting or denying a motion for new trial. See *Holmes v. Crossroads Joint Venture*, 262 Neb. 98, 629 N.W.2d 511 (2001). The trial judge sees the witnesses, hears the testimony, and has a special perspective on the relationship between the evidence and the ver- dict, and because of this unique position, we recognize that the trial judge becomes the primary buffer against verdicts not sup- ported by the evidence. See *id.*

The evidence presented at trial, as briefly summarized, estab- lished that Springer required transportation by ambulance after the accident, which cost $358.10, and radiology and emergency room care, which cost $601.72. Springer required immediate surgery after the accident to insert a metal plate, seven screws, and three pins to repair a bimalleolar ankle fracture. This surgery, and inpatient hospital care, cost $3,846.

Springer also testified to the pain and fear she felt after the accident. Springer spent 3 days in the hospital after the first

surgery, spent 6 weeks on crutches, and spent 8 weeks on pain medication. Springer later required another surgery to remove the pins from her ankle. The record contains medical bills, admitted by stipulation, that total $6,115.72.

The district court, in its written order, clearly articulated its reasoning for granting Springer's motion for new trial. In addition to citing the above uncontroverted evidence, the court stated:

> This court found, as a matter of law, that the plaintiff was not negligent and that the sole cause of the accident and the injuries sustained by the plaintiff was the negligence of the defendant; the jury was instructed accordingly. The jury returned a verdict of $2,908.00. During deliberations, the jury submitted a written question(s) to the court, primarily inquiring about whether the plaintiff's medical expenses had been paid by insurance. After conferring with counsel, it was agreed that the court would inform the jury in writing that insurance should not be considered.
>
> It is clear, under all the circumstances, that the verdict is inadequate.

The district court also noted in its order that the parties stipulated prior to the first trial in this case that Springer's medical expenses were fair and reasonable, necessary, and a result of the accident. However, for some reason not apparent from the record, that stipulation was not communicated to the jury via jury instructions or in any other manner. Nonetheless, there was no evidence presented at the second trial to contest Springer's testimony regarding her damages or to suggest that Springer's medical expenses were in any way unreasonable, unnecessary, or not a result of the October 15, 1996, accident.

The trial court accurately noted that the admission of medical bills into evidence without objection does not mean the opposing party has conceded that these costs were necessitated by the accident. See *Jones v. Meyer*, 256 Neb. 947, 594 N.W.2d 610 (1999). However, in *Jones*, the trial court stated that there was conflicting evidence as to whether all of the plaintiff's medical bills were occasioned by the accident. In addition, in *Jones*, there were several significant breaks in the treatment by a chiropractor, whose bill was approximately 93 percent of the total medical expenses; there was also evidence concerning a preexisting

condition. This court observed in *Jones, supra*, that the medical bills incurred immediately following the accident, mainly the emergency room and radiology expenses, were less than the verdict. Therefore, we determined that the jury could have reasonably concluded the evidence did not support the finding that all of Jones' chiropractic expenses were a result of the accident. *Id.*

In the instant case, however, the trial court noted, and we agree, that the undisputed medical bills incurred *directly after* the accident to repair Springer's fractured ankle exceeded the verdict by nearly $2,000. The court went on to state:

> In addition, it was stipulated by the parties that the plaintiff suffered a nine percent partial disability <u>as a result of the accident</u>. Further, the plaintiff testified without contradiction as to her employment, her rate of pay, and her inability to work from the date of the accident to January 8, 1997, when the medical records shows [sic] she was released to return to work. . . . Clearly the verdict is inadequate and bears no reasonable relationship to the damages that are uncontradicted and those proved.

(Emphasis in original.)

In awarding damages, the fact finder is not required to accept a party's evidence of damages at face value, even though that evidence is not contradicted by evidence adduced by the party against whom the judgment is to be entered. *ConAgra, Inc. v. Bartlett Partnership*, 248 Neb. 933, 540 N.W.2d 333 (1995). Generally, a jury is entitled to determine what portion of a claimed injury was proximately caused by the incident and what portion of the medical bills was reasonably required. See *Holden v. Wal-Mart Stores*, 259 Neb. 78, 608 N.W.2d 187 (2000).

However, if it appears that the jury has committed a gross error, or has rendered a verdict that is so clearly wrong and unreasonable as to indicate passion, prejudice, or mistake, it is as much the duty of the trial court to interfere, to prevent the wrong, as in any other case. See, *Holmes v. Crossroads Joint Venture*, 262 Neb. 98, 629 N.W.2d 511 (2001); *Reiser v. Coburn*, 255 Neb. 655, 587 N.W.2d 336 (1998). Where the amount of damages allowed by a jury is clearly inadequate under the evidence, it is error for the trial court to refuse to set the verdict aside. *Reiser, supra*; *O'Neil v. Behrendt*, 212 Neb. 372, 322 N.W.2d 790 (1982).

■ In the present case, there was no evidence to suggest that Springer's medical bills were in any way unfair or unreasonable and the evidence clearly establishes that a minimum of $4,805.82 of medical expenses were a direct result of the emergency care and surgery required immediately after the October 15, 1996, accident. This undisputed sum of special damages is irrespective of any damages for followup medical care (totaling an additional $1,309.90), disability, pain and suffering, and loss of income. An appellate court will not ordinarily disturb a trial court's order granting a new trial and will not disturb it at all unless it clearly appears that no tenable grounds existed therefor. *Holmes, supra.* The record establishes substantial grounds for the district court's determination; the district court did not abuse its discretion in granting Springer a new trial. Bohling's assignment of error is without merit.

■ Finally, we note that the district court's order granting Springer's motion for new trial was not explicit regarding whether the new trial was to be limited to the issue of damages. When the issue of liability has been determined and there has been error in the determination of damages such that the verdict must be set aside, a new trial may be limited to the issue of damages. *Id.*

In *Erftmier v. Eickhoff,* 210 Neb. 726, 316 N.W.2d 754 (1982), *overruled on other grounds, Nielsen v. Adams,* 223 Neb. 262, 388 N.W.2d 840 (1986), we addressed a situation similar to the instant case, in which the jury returned a verdict on the plaintiff's second cause of action but awarded $0 in damages. This court affirmed the district court's action in granting the plaintiff's motion for new trial, but modified the order by limiting the new trial to the issue of damages. See *id.* Similarly, in the instant case, the issue of liability has been determined but a new trial is warranted on the issue of damages. Since the district court did not explicitly so provide, we modify the district court's order to limit the new trial of this cause to the issue of Springer's damages.

## CONCLUSION

The district court did not err in refusing Bohling's proposed instruction on contributory negligence and did not abuse its discretion in determining that the damages awarded were inadequate. The district court's order granting Springer's motion for

new trial, but denying Bohling's motion for new trial, is affirmed. The district court's order is modified to reflect that the new trial shall be limited to the issue of damages.

AFFIRMED AS MODIFIED.

HENDRY, C.J., and STEPHAN, J., not participating.