Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
08/16/2019 12:07 AM CDT

IN RE GUARDIANSHIP AND CONSERVATORSHIP OF
ALICE H., AN INCAPACITATED AND
PROTECTED PERSON.
JODIE HAFERBIER MCGILL, SUCCESSOR GUARDIAN
AND CONSERVATOR, APPELLEE, V. DOUGLAS
COUNTY, NEBRASKA, APPELLANT.

___ N.W.2d ___

Filed May 24, 2019.    No. S-18-780.

1. **Guardians and Conservators: Appeal and Error.** An appellate court reviews guardianship and conservatorship proceedings for error appearing on the record in the county court.
2. **Judgments: Appeal and Error.** When reviewing a judgment for errors appearing on the record, an appellate court's inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable.
3. **Courts: Jurisdiction.** Under Neb. Rev. Stat. § 25-2720.01 (Reissue 2016), county courts have the power to vacate or modify their own judgments and orders during or after the term in which they were made in the same manner as provided for district courts.
4. **Guardians and Conservators: Counties: Attorney Fees: Costs.** Under Neb. Rev. Stat. § 30-2620.01 (Reissue 2016), a court may order the county to pay the reasonable fees and costs of an attorney appointed by the court for the incapacitated person, but only if the incapacitated person does not possess an estate.
5. ____: ____: ____: ____. Under Neb. Rev. Stat. § 30-2643 (Reissue 2106) a court may order the county to pay the reasonable fees and costs of an attorney appointed by the court for the protected person, but only if the protected person does not possess an estate.

Appeal from the County Court for Douglas County: MARCENA M. HENDRIX, Judge. Affirmed in part, and in part reversed.

- 236 -

Nebraska Supreme Court Advance Sheets
303 Nebraska Reports
IN RE GUARDIANSHIP & CONSERVATORSHIP OF ALICE H.
Cite as 303 Neb. 235

Donald W. Kleine, Douglas County Attorney, Timothy K. Dolan, and Tess M. Moyer for appellant.

No appearance for appellee.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, Papik, and Freudenberg, JJ.

Stacy, J.

In 2016, the county court for Douglas County surcharged a former guardian-conservator and ordered her to pay, among other things, $37,505.70 in attorney fees to the successor guardian-conservator. The former guardian-conservator paid only a portion of the attorney fees, and in 2018, the successor guardian-conservator asked the court to order Douglas County to pay the balance. The court granted that request, and Douglas County appeals. Because the record contains no evidence that the ward did not possess an estate from which the attorney fees could be paid, we reverse that portion of the order.

## BACKGROUND

In 2007, a guardianship-conservatorship was established for Alice H. (the ward) in Douglas County. The ward's adult daughter, Pamela Grimes, was appointed her guardian-conservator.

In 2012, the court was notified that Grimes had not been paying the ward's nursing home bills and had refused to sell the ward's home, which had become infested with bugs. The nursing home sought the appointment of a nonfamily member to serve as guardian-conservator for the ward. A hearing was held, and the court appointed attorney Jodie Haferbier McGill to serve as the ward's guardian-conservator.

### Application for Surcharge

After her appointment, McGill filed an application for surcharge, alleging Grimes had misappropriated the ward's funds. The application alleged that $ 26,914.91 of the ward's funds were "unaccounted for" and sought to have Grimes surcharged "in an amount that the Court deems appropriate." The application also sought an award of attorney fees.

- 237 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
303 NEBRASKA REPORTS
IN RE GUARDIANSHIP & CONSERVATORSHIP OF ALICE H.
Cite as 303 Neb. 235

An evidentiary hearing on the application was held on February 19, 2016. Grimes appeared pro se, and McGill represented herself. McGill offered into evidence an affidavit in which she averred that she spent 20.5 hours initiating and prosecuting the surcharge action, at a rate of either $180 per hour for an attorney or $60 per hour for an assistant, for a total of $2,360. At the hearing, however, McGill also indicated she planned to amend her affidavit "to include the unpaid amount for my attorney's fees for acting as guardian/conservator."

McGill filed such an amended affidavit on March 8, 2016. The amended affidavit itemized all the time McGill had spent on the case in her capacity as a guardian-conservator, averring she spent 219.36 hours at an hourly rate of $180 for an attorney or $60 for an assistant, for a total of $37,252.20, plus costs and expenses of $253.50. The amended affidavit included the 20.5 hours McGill attributed in her earlier affidavit to initiating and prosecuting the surcharge action.

On March 9, 2016, the court entered an order granting the application for surcharge. The court found that Grimes "misappropriated several thousand dollars of the ward's income and assets" and "utilized the ward's bank account for her own personal use." It also found McGill was an attorney who spent time "in furtherance of duties on the legal issues in this matter" at rates that were fair and reasonable. The order directed Grimes to "purchase a prepaid funeral policy for [the ward] as restitution for the misappropriated funds." The order also sustained McGill's amended motion for attorney fees and specifically ordered Grimes to: "Pay the Successor Guardian and Conservator's attorney's fees in the amount of $37,505.70 to . . . McGill. This amount shall accrue interest at the judicial rate of 2.510% until paid in full."

No appeal was taken from this 2016 order.

## 2018 APPLICATION FOR APPROVAL
### OF ATTORNEY FEES

In March 2018, McGill filed an application and supporting affidavit for approval of attorney fees in the amount of

- 238 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
303 NEBRASKA REPORTS
IN RE GUARDIANSHIP & CONSERVATORSHIP OF ALICE H.
Cite as 303 Neb. 235

$2,088 plus costs of $12.57 as "payment for the work done [as guardian-conservator from] March 9, 2017 to February 9, 2018." This was the only relief requested in the application. The supporting affidavit averred that the ward had died and referenced bank assets of $1,768.76 as of February 21. The affidavit sought an order directing the bank assets to be applied toward the $2,088 in attorney fees.

The affidavit also made several additional requests that were unrelated to the motion seeking $2,088 in attorney fees. As relevant to this appeal, the affidavit referenced the court's March 9, 2016, order requiring Grimes to pay McGill's attorney fees, and averred that Grimes had paid only $100 and owed "an outstanding total balance of $42,990.23." The affidavit requested that Douglas County be ordered to pay the balance of the attorney fee award at the reduced hourly rate of $60 per hour for a total of $15,160.64, but also asked that "Grimes be liable for any and all unpaid portions of the total balance of the account." In an amended affidavit, McGill asked that the "balance of the order entered on March 9, 2016" be paid by Douglas County "at the reduced rate of $80 per hour for a total of $15,725.60."

At a hearing on June 22, 2018, the county court took up several matters, including McGill's application for approval of attorney fees, and a separately filed motion to terminate the guardianship which is not in our record. Douglas County appeared at the hearing to oppose McGill's request that the county be ordered to pay the balance of the attorney fees previously taxed to Grimes. After the hearing, the county court entered two orders. The first order was filed the same day as the hearing, and the second was filed approximately 1 week later.

In its first order, the "Douglas County Court Fund" was ordered to pay two sums: (1) "[g]uardian fees in the amount of $1,923.57" and (2) "the balance of the order entered March 9, 2016 in the amount of $17,649.17 . . . for prior Guardian Fees and expenses incurred by . . . McGill in her duties as Guardian

- 239 -

Nebraska Supreme Court Advance Sheets
303 Nebraska Reports
IN RE GUARDIANSHIP & CONSERVATORSHIP OF ALICE H.
Cite as 303 Neb. 235

of [the ward]." The second order, entered June 29, terminated the guardianship-conservatorship, approved the final accounting, and ordered the "Douglas County Court" to pay two sums: (1) attorney fees of $1,923.57 for McGill's "current fees" and (2) prior attorney fees and expenses in the sum of $15,725.60. Additionally, the court ordered that $1,768.76 was "to be paid from [the ward's] American National Bank trust account" to McGill.

### Motions to Alter or Amend

On June 27, 2018, Douglas County filed a motion to alter or amend the June 22 order and filed an amended motion the next day. The county did not ever seek to alter or amend the order entered June 29.

As to the order of June 22, 2018, Douglas County asked the court to amend the requirement that Douglas County "pay the Successor Guardian and Conservator the balance of an earlier order entered March 9, 2016 (said balance totaling $17,649.17)." The county argued the fees had been assessed against Grimes due to her misappropriation of the ward's funds and claimed it would violate public policy to require the county to expend taxpayer funds to indemnify Grimes for her private misconduct. Douglas County did not challenge the June 22 order to the extent it required Douglas County to pay the guardian-conservator's "current fees" in the amount of $1,923.57.

On July 11, 2018, a hearing was held on the motions to alter or amend. No evidence was adduced. Douglas County argued that although the March 2016 order had not cited any statutory authority for ordering Grimes to pay McGill's attorney fees, the court likely relied on Neb. Rev. Stat. § 30-2658(b) (Reissue 2016). That statute provides in relevant part that a conservator is individually liable for torts committed in the course of administration of the estate if he or she is personally at fault. Douglas County argued that by assessing a surcharge in March 2016, the court found Grimes was individually liable

for the amount surcharged. The county's argument character-ized the entire $37,505.70 judgment against Grimes as relat-ing to the time McGill spent investigating and prosecuting Grimes' misappropriation.

On July 27, 2018, the court entered an order granting, in part, the county's motions, and amending its prior order "to the extent that the Guardian's hourly rate is reduced to $50.00 per hour. It is further ordered that Douglas County Court pay . . . McGill $10,968.00."

On August 8, 2018, Douglas County filed a notice pur-porting to appeal from the court's orders of June 22 and July 27. We moved this case to our docket on our own motion. McGill has not filed a brief or otherwise participated in this appeal.

## ASSIGNMENTS OF ERROR

Douglas County assigns, restated, that the county court erred in (1) modifying its 2016 order 2 years after issuing it and (2) ordering Douglas County to assume Grimes' personal liability for paying McGill's attorney fees.

## STANDARD OF REVIEW

[1,2] An appellate court reviews guardianship and conser-vatorship proceedings for error appearing on the record in the county court.[1] When reviewing a judgment for errors appearing on the record, an appellate court's inquiry is whether the deci-sion conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable.[2]

## ANALYSIS

As a threshold matter, we note that although Douglas County seeks to appeal from the orders of June 22 and July 27, 2018, the order of June 22 was effectively superseded by the order of

[1] *In re Guardianship & Conservatorship of Barnhart*, 290 Neb. 314, 859 N.W.2d 856 (2015).

[2] *Id.*

- 241 -

Nebraska Supreme Court Advance Sheets
303 Nebraska Reports
IN RE GUARDIANSHIP & CONSERVATORSHIP OF ALICE H.
Cite as 303 Neb. 235

June 29. We thus focus our analysis on the final order of July 27, which purported to modify the order of June 29.

### 2016 Order Not Vacated
#### or Modified

[3] Douglas County first argues that the county court's order was improper because it vacated or modified the March 2016 order without legal authority. County courts have the power to vacate or modify their own judgments and orders during or after the term in which they were made in the same manner as provided for district courts.[3] But on this record, we cannot find that when the county court entered its July 27, 2018, order, it also vacated or modified its earlier order of March 2016.

The court's March 2016 order required Grimes to pay McGill attorney fees in the amount of $37,505.70. The court's July 27, 2018, order required Douglas County to pay McGill attorney fees of $10,968 for the same period. Neither the July 27 order nor the June 29 order referenced, expressly or impliedly, the March 2016 order.

Douglas County assumes the July 27, 2018, order sought to modify the March 2016 order, because both orders relate to McGill's attorney fees for the same time period. But the fact that both orders relate to payment of McGill's attorney fees does not compel the conclusion that the latter order vacated or modified the former. Two parties can both be responsible for the same financial obligation,[4] and the record indicates that in 2018, when McGill asked the court to order Douglas County to pay a portion of the 2016 attorney fee award, she expressly asked that Grimes also remain liable.

On this record, we find no merit to Douglas County's contention that the order of July 27, 2018, vacated or modified

---

[3] See *In re Interest of Luz P. et al.*, 295 Neb. 814, 891 N.W.2d 651 (2017), citing Neb. Rev. Stat. § 25-2720.01 (Reissue 2016).

[4] See, generally, *Cano v. Walker*, 297 Neb. 580, 901 N.W.2d 251 (2017).

the March 2016 order, and we proceed to the consideration of whether the July 27 order conformed to the law, was supported by competent evidence, and was neither arbitrary, capricious, nor unreasonable.[5]

### No Personal Liability Shifted

Douglas County argues it would violate public policy to make the county pay sums the court previously ordered Grimes to pay individually because of her wrongful conduct. This argument is premised on the county's assumption, expressed repeatedly before the county court and in its briefing to this court, that the $37,505.70 in attorney fees Grimes was ordered to pay in the March 2016 order is related to time McGill spent investigating and prosecuting the surcharge action.

But the record here, specifically the affidavits submitted by McGill at the time the surcharge action was tried, does not support Douglas County's assumption that the $37,505.70 in attorney fees was attributable to Grimes' misappropriation. To the contrary, the record shows the actual attorney fees incurred by McGill in investigating and prosecuting the surcharge were approximately $2,300, and the remainder of the $37,505.70 in fees was incurred by McGill during the course of performing her regular duties as the ward's guardian and conservator.

Because the record does not support Douglas County's contention that the $37,505.70 in attorney fees was incurred as a result of investigating or proving Grimes' misconduct, there is no merit to the related argument that it would therefore violate public policy to require Douglas County to pay a portion of those fees.

### Order to Pay Fees Was Improper
### Without Evidence

The court entered three separate orders directing Douglas County to pay McGill's attorney fees, and none cited any

---

[5] *In re Guardianship & Conservatorship of Barnhart, supra* note 1.

- 243 -

Nebraska Supreme Court Advance Sheets
303 Nebraska Reports
IN RE GUARDIANSHIP & CONSERVATORSHIP OF ALICE H.
Cite as 303 Neb. 235

authority for doing so. Our review of the relevant authority indicates two statutes under which the county may be ordered to pay such fees. The first is Neb. Rev. Stat. § 30-2620.01 (Reissue 2016), which applies in guardianship proceedings for incapacitated persons and provides in relevant part:

> The reasonable fees and costs of an attorney, a guardian ad litem, a physician, and a visitor appointed by the court for the person alleged to be incapacitated shall be allowed, disallowed, or adjusted by the court and may be paid from the estate of the ward if the ward possesses an estate or, if not, shall be paid by the county in which the proceedings are brought or by the petitioner as costs of the action.

The second is Neb. Rev. Stat. § 30-2643 (Reissue 2016), which applies in conservatorship proceedings and provides in relevant part:

> The reasonable fees and costs of an attorney, a guardian ad litem, a physician, a conservator, a special conservator, and a visitor appointed by the court for the person to be protected shall be allowed, disallowed, or adjusted by the court and may be paid from the estate of the protected person if the protected person possesses an estate or, if not, shall be paid by the county in which the proceedings are brought or by the petitioner as costs of the action.

These statutes authorize a court to "allow[], disallow[], or adjust[]" the payment of "reasonable fees and costs" of an attorney appointed by the court for an incapacitated person in guardianship proceedings or for a protected person in conservatorship proceedings.[6] However, both statutes provide that if the incapacitated person or protected person "possesses an estate," the fees "may be paid from the estate."[7] And both statutes provide that if the incapacitated person or protected person

---

[6] §§ 30-2620.01 and 30-2643.

[7] *Id.*

- 244 -

Nebraska Supreme Court Advance Sheets
303 Nebraska Reports
IN RE GUARDIANSHIP & CONSERVATORSHIP OF ALICE H.
Cite as 303 Neb. 235

does not possess an estate, then the fees and costs "shall be paid by the county in which the proceedings are brought or by the petitioner as costs of the action."[8]

[4,5] Under either statute, then, the county can be ordered to pay reasonable attorney fees only if the incapacitated person or protected person does not possess an estate. But in the instant guardianship-conservatorship proceeding, the record on appeal contains neither findings nor evidence regarding the extent of the ward's estate. There were arguments presented suggesting the ward was indigent, but counsel's arguments are not evidence.[9] And although an affidavit was received averring the ward had a small sum of money in one bank account at the time of her death, this alone is not sufficient for the county court, or for this court, to conclude the ward does not "possess[] an estate" under § 30-2620.01 or § 30-2643.

On this record, we cannot find that either § 30-2620.01 or § 30-2643 provides statutory authority for the court's order directing Douglas County to pay McGill's attorney fees. We have not been directed to any alternative authority or recognized course of procedure to support an order requiring Douglas County to pay McGill's attorney fees, and we therefore cannot find the order of the county court conforms to the law or is supported by competent evidence.

## CONCLUSION

On this record, we cannot find the county court's order of July 27, 2018, conformed to the law and was supported by competent evidence to the extent it directed Douglas County to pay McGill's attorney fees. We thus reverse that portion of the order, and in all other respects, the order is affirmed.

Affirmed in part, and in part reversed.

---

[8] *Id.*

[9] *Hausman v. Cowen*, 257 Neb. 852, 601 N.W.2d 547 (1999).