Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
06/26/2020 09:09 AM CDT

In re Guardianship of Suzette G.,
an incapacitated person.
Alvin G., Guardian, et al., appellees,
v. Suzette G., appellant.

___ N.W.2d ___

Filed April 3, 2020.    No. S-18-785.

1. **Guardians and Conservators: Appeal and Error.** An appellate court reviews guardianship and conservatorship proceedings for error appearing on the record in the county court.
2. **Judgments: Appeal and Error.** When reviewing a judgment for errors appearing on the record, an appellate court's inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable.
3. **Rules of the Supreme Court: Testimony: Guardians Ad Litem.** Neb. Ct. R. § 6-1469 (2017) does not prohibit testimony by a guardian ad litem and instead contemplates that a guardian ad litem can testify when such testimony is allowed by the Nebraska Rules of Professional Conduct.

Petition for further review from the Court of Appeals, Riedmann, Arterburn, and Welch, Judges, on appeal thereto from the County Court for Douglas County, Marcena M. Hendrix, Judge. Judgment of Court of Appeals affirmed.

James Walter Crampton for appellant.

Jayne Wagner and Emily J. Briski, of Legal Aid of Nebraska, for appellee Alvin G.

Denise E. Frost, of Johnson & Mock, for guardian ad litem.

Hᴇᴀᴠɪᴄᴀɴ, C.J., Mɪʟʟᴇʀ-Lᴇʀᴍᴀɴ, Cᴀssᴇʟ, Sᴛᴀᴄʏ, Fᴜɴᴋᴇ, Pᴀᴘɪᴋ, and Fʀᴇᴜᴅᴇɴʙᴇʀɢ, JJ.

Mɪʟʟᴇʀ-Lᴇʀᴍᴀɴ, J.

### NATURE OF CASE

Suzette G. appealed the order of the county court for Douglas County which appointed her brother, Alvin G., as her limited guardian. The Nebraska Court of Appeals affirmed the county court's order. We granted Suzette's petition for further review in which she claims that the Court of Appeals erred when it determined that the county court did not err when it allowed the appointed guardian ad litem (GAL) to testify at the trial. We affirm the decision of the Court of Appeals which affirmed the order of the county court.

### STATEMENT OF FACTS

Suzette's brother, Alvin, filed petitions seeking temporary and permanent appointments as her limited guardian. Alvin alleged that because of mental health issues, Suzette was incapable of making responsible decisions regarding her person and her health, and he sought a limited guardianship related to those matters. A guardianship had been recommended by Suzette's doctor and was part of a plan formulated by the mental health board. The court appointed Alvin as temporary guardian and began proceedings to consider his petition for a permanent guardianship. At a hearing in February 2018, the county court appointed a GAL and also appointed a separate attorney to act as Suzette's legal counsel.

The trial on the permanent guardianship included appearances by counsel for Alvin and counsel for Suzette, and the GAL also appeared. Alvin called both Suzette and himself as witnesses when presenting his case as the petitioner, and the GAL was allowed to cross-examine both of them. Alvin also called the GAL as a witness. Suzette objected to the GAL's testifying, and she argued that the GAL could not act as an attorney by cross-examining witnesses and then act as

a witness by testifying in the same proceeding. In response, the GAL argued that under the guardian ad litem statutes and rules, the GAL could do both. The court allowed the GAL's testimony. During Alvin's direct examination of the GAL, Alvin offered and the court received the GAL's report into evidence without objection. Alvin questioned the GAL regarding information she reviewed in preparing her report and how she came to her recommendations. Suzette cross-examined the GAL.

In addition to cross-examining witnesses, the GAL was allowed to, and did, make objections throughout the trial. At the end of the trial, the GAL was allowed to make a closing statement. Following the trial, the court appointed Alvin as a permanent limited guardian for Suzette.

Suzette appealed to the Court of Appeals and claimed that the county court erred when it (1) found there was clear and convincing evidence that Alvin should be appointed as her guardian and (2) allowed the GAL to testify. The Court of Appeals rejected Suzette's assignments of error and affirmed the county court's order. See *In re Guardianship of Suzette G.*, 27 Neb. App. 477, 934 N.W.2d 195 (2019). Suzette does not seek further review regarding whether there was clear and convincing evidence to support the appointment, and so the Court of Appeals' resolution of that issue will not be discussed herein.

Regarding Suzette's claim that the GAL should not have been allowed to testify, the Court of Appeals concluded that the court did not err when it allowed the testimony. The Court of Appeals noted first that Neb. Rev. Stat. § 30-4203(2)(a) (Reissue 2016) provides that an appointed guardian ad litem may, inter alia, "[c]onduct discovery, present witnesses, cross-examine witnesses, present other evidence, file motions, and appeal any decisions regarding the person for whom he or she has been appointed." The Court of Appeals further noted Neb. Ct. R. § 6-1469(E)(4)(b) (2017), which provides that in court proceedings, "[t]he guardian ad litem may testify only

to the extent allowed by the Nebraska Rules of Professional Conduct." The Court of Appeals cited Neb. Ct. R. of Prof. Cond. § 3-503.7(a) and stated that the rule "prohibits a lawyer from acting as an advocate at a trial in which the lawyer is likely to be a necessary witness." *In re Guardianship of Suzette G.*, 27 Neb. App. at 487, 934 N.W.2d at 202. But the Court of Appeals also noted Neb. Ct. R. § 6-1469(C)(2), which provides that "[w]here a lawyer has already been or is appointed to represent the legal interests of the person, . . . the guardian ad litem shall function only to advocate for the best interests of the person."

The Court of Appeals reasoned that because the court had appointed both the GAL and a separate attorney to represent Suzette, "the GAL's duty was to advocate for Suzette's best interests" and "the GAL was not required to make a determination consistent with Suzette's preferences." *In re Guardianship of Suzette G.*, 27 Neb. App. at 488, 934 N.W.2d at 202. The Court of Appeals noted Neb. Ct. R. § 6-1469(C)(3)(a), which provides that when the guardian ad litem is "serving as advocate for the person's best interests, the guardian ad litem shall make an independent determination," and that "[s]uch determination is not required to be consistent with any preferences expressed by the person." The Court of Appeals reasoned that it was the responsibility of Suzette's separately appointed attorney, and not the GAL, to advocate for Suzette's preferences.

The Court of Appeals cited comment 1 to Neb. Ct. R. of Prof. Cond. § 3-503.7, which states in part that "[c]ombining the roles of advocate and witness can . . . involve a conflict of interest between the lawyer and client." The Court of Appeals reasoned that because the GAL was advocating for Suzanne's best interests rather than for Suzanne's preferences, "no conflict of interest arose between the GAL and Suzette" as a result of the GAL's acting as a witness. *In re Guardianship of Suzette G.*, 27 Neb. App. at 488, 934 N.W.2d at 202. The Court of Appeals concluded that the GAL's testimony "did not run

afoul of the Nebraska Rules of Professional Conduct" and that therefore the county court "did not err in permitting the GAL to testify." *In re Guardianship of Suzette G.*, 27 Neb. App. at 488, 934 N.W.2d at 202.

We granted Suzette's petition for further review.

## ASSIGNMENT OF ERROR

Suzette claims that the Court of Appeals erred when it determined that Neb. Ct. R. § 6-1469 allowed the GAL to testify over her objection.

## STANDARDS OF REVIEW

[1,2] An appellate court reviews guardianship and conservatorship proceedings for error appearing on the record in the county court. *In re Guardianship & Conservatorship of Alice H.*, 303 Neb. 235, 927 N.W.2d 787 (2019). When reviewing a judgment for errors appearing on the record, an appellate court's inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable. *Id*.

## ANALYSIS

Suzette argues on further review that the relevant statutes and rules precluded the GAL's testimony in this case and that the analysis of the Court of Appeals to the contrary was error. Suzette's arguments necessarily implicate due process concerns and considerations of fairness to the parties to a guardianship proceeding. As explained below, we agree with the conclusion of the Court of Appeals that on the specific facts of this case, the statutes and rules did not prohibit the GAL's testimony, and we further note that due process and fairness concerns that might be present under another set of facts were not implicated here. Accordingly, we do not comment on other circumstances, such as where separate counsel has not been appointed and the guardian ad litem represents the subject or where the subject's rights, such as the right to cross-examine, have been denied.

[3] Section 30-4203 sets forth the duties and powers of a guardian ad litem; it does not specifically address whether a guardian ad litem may or should be a witness in a proceeding. As noted by the Court of Appeals, Neb. Ct. R. § 6-1469 sets practice standards for guardians ad litem in proceedings under the Nebraska Probate Code and provides in subsection (E)(4)(b) that in court proceedings, "[t]he guardian ad litem may testify only to the extent allowed by the Nebraska Rules of Professional Conduct." The rule therefore does not prohibit testimony by a guardian ad litem and instead contemplates that a guardian ad litem can testify when such testimony is allowed by the rules of professional conduct. We note that under Neb. Rev. Stat. § 30-4202(1)(a) (Reissue 2016), a guardian ad litem appointed pursuant to the Nebraska Probate Code must "[b]e an attorney in good standing admitted to the practice of law in the State of Nebraska," and it follows that an appointed guardian ad litem is subject to the rules of professional conduct.

Suzette relies on Neb. Ct. R. of Prof. Cond. § 3-503.7(a) to argue that a guardian ad litem may not simultaneously act as an advocate in a proceeding and testify as a witness in that same proceeding. Neb. Ct. R. of Prof. Cond. § 3-503.7(a) provides that, subject to certain exceptions not relevant here, "[a] lawyer shall not act as advocate at a trial in which the lawyer is likely to be a . . . witness[.]" The comments to the rule elucidate the concerns behind the rule; Neb. Ct. R. of Prof. Cond. § 3-503.7, comment 1, states that "[c]ombining the roles of advocate and witness can prejudice the tribunal and the opposing party and can also involve a conflict of interest between the lawyer and client." In Neb. Ct. R. of Prof. Cond. § 3-503.7, comment 2, the concerns related to the tribunal and the opposing party are further explained: "The tribunal has proper objection when the trier of fact may be confused or misled by a lawyer serving as both advocate and witness. The opposing party has proper objection where the combination of roles may prejudice that party's rights in the litigation." Neb.

Ct. R. of Prof. Cond. § 3-503.7, comment 4, further notes that "[w]hether the tribunal is likely to be misled or the opposing party is likely to suffer prejudice depends on the nature of the case, the importance and probable tenor of the lawyer's testimony, and the probability that the lawyer's testimony will conflict with that of other witnesses." Considering the nature and the specific circumstances of the present case, as we explain more fully below, we agree with the conclusion of the Court of Appeals that the GAL's testimony in this case "did not run afoul of the Nebraska Rules of Professional Conduct." *In re Guardianship of Suzette G.*, 27 Neb. App. 477, 488, 934 N.W.2d 195, 202 (2019).

In this case, the county court appointed separate counsel to represent Suzette as authorized by § 30-4202(3), which provides that the guardian ad litem may act as "counsel for the person who is the subject of the guardianship . . . unless . . . there are special reasons why . . . the person who is the subject of the proceeding should have separate counsel." The appointment of separate counsel for Suzette by the county court indicates the court's determination that the views of the GAL and those of Suzette had diverged. Given the existence of a conflict of interest between the GAL and Suzette, the court's logical remedy for the perceived conflict was to appoint separate counsel for Suzette, and it did so.

The presence of two lawyers and their split roles were fully contemplated by Neb. Ct. R. § 6-1469(C)(2), which provides that "[w]here a lawyer has already been or is appointed to represent the legal interests of the person, . . . the guardian ad litem shall function only to advocate for the best interests of the person." In such a situation, the separately appointed counsel represents the person who is the subject of the guardianship and his or her preferences whereas the guardian ad litem's role is to advocate for what he or she determines to be the person's best interests. Neb. Ct. R. § 6-1469(C)(3)(a) provides that when the guardian ad litem is "serving as advocate for the person's best interests, the guardian ad litem shall make an

independent determination," and that "[s]uch determination is not required to be consistent with any preferences expressed by the person."

The concern of Neb. Ct. R. of Prof. Cond. § 3-503.7(a) that a guardian ad litem's testifying might create a conflict of interest between the person who is the subject of the proceeding and his or her counsel is not implicated under the present circumstances. A conflict of interest between the GAL and Suzette already existed because their views of Suzette's best interests had diverged, and the court remedied that conflict by appointing separate counsel to represent Suzette. The GAL was therefore relieved of a duty to represent Suzette's wishes, and instead, the GAL's role was to advocate for what the GAL determined to be Suzette's best interests. At that point, the GAL was not acting as Suzette's counsel, and the concern of Neb. Ct. R. of Prof. Cond. § 3-503.7(a) that an attorney's testimony would create a conflict between the attorney and the person he or she represents was not present here. See *In re K Children*, 120 Haw. 116, 121, 202 P.3d 577, 582 (2007) (concluding that guardian ad litem's testimony was not improper and reasoning that relevant statute distinguishes between "'guardian ad litem'" and "'counsel'"). We conclude that the GAL's testifying in this case did not create a conflict of interest between counsel and client which did not already exist and that it therefore did not implicate Neb. Ct. R. of Prof. Cond. § 3-503.7(a) to the extent that such rule is concerned with creating conflicts between client and counsel.

The Court of Appeals ended its analysis of whether the GAL's testimony was allowed under Neb. Ct. R. of Prof. Cond. § 3-503.7(a) when it concluded that the testimony did not create a conflict of interest between Suzette and her counsel. But we find it necessary to consider the other concerns addressed in Neb. Ct. R. of Prof. Cond. § 3-503.7(a), that is, both the potential to prejudice the tribunal and the potential to prejudice the opposing party. In the present case, those concerns require us to consider the effect of the GAL's

testimony on the county court as fact finder and on Suzette, who could now be considered in the nature of an opposing party to the GAL.

As a preface to such analysis, we note that there have long been discussion and concern regarding the role of an attorney who serves as a guardian ad litem and in particular the application of professional rules of ethics in such a situation. See, Roger A. Eddleman & John A. DiNucci, *Due Process and the Guardian Ad Litem in Elder Law Disputes: Which Hat Will She Don With Her Cloak of Neutrality?* 13 Marq. Elder's Advisor 129 (2012); Marcia M. Boumil et al., *Legal and Ethical Issues Confronting Guardian Ad Litem Practice*, 13 J.L. & Fam. Stud. 43 (2011); Robert L. Aldridge, *Ethics and the Attorney as Guardian Ad Litem*, 49 Advocate (Idaho State Bar) 21 (June 2006). See, also, *In re K Children*, 120 Haw. at 121, 202 P.3d at 582 (noting "nationwide" struggle to clarify roles of guardian ad litem and counsel). Such discussion informs our analysis in this case.

As to the first concern, regarding the potential to prejudice the tribunal, we note the portion of comment 2 to Neb. Ct. R. of Prof. Cond. § 3-503.7(a) which states that "[t]he tribunal has proper objection when the trier of fact may be confused or misled by a lawyer serving as both advocate and witness." In a different case, the focus of this concern would be on the effect the lawyer's testifying would have on a jury that was acting as the fact finder; in such a case, the potential for confusion is more apparent. In the present case, the county court was the fact finder, and therefore, we consider whether the court might have been confused by the GAL's serving both as an advocate for best interests and as a witness. We conclude that under the circumstances of this case, there was no such prejudice.

We do not think the concerns that are present where a jury serves as fact finder are present in cases such as the instant matter where the court acts as fact finder. We believe a court can be expected to understand the different roles of

an advocate and of a witness, and a court can be expected to distinguish when a guardian ad litem is acting in one role rather than the other. Generally, a court may view the guardian ad litem as an independent party to investigate and report on the subject's best interests. See Eddleman & DiNucci, *supra*. However, it has been observed that, at least in certain respects, a guardian ad litem "is viewed as an arm of the court." *Id*. at 162. Whereas here, separate counsel has been appointed to represent the preferences of the subject of the proceeding, the court can be expected to understand the more limited role of the guardian ad litem as an advocate for the best interests of the subject. We conclude that the circumstances of the present case do not implicate the concern of Neb. Ct. R. of Prof. Cond. § 3-503.7(a) to the effect that the fact finder would be confused about the guardian ad litem's role in the proceedings and that the tribunal might be prejudiced by the GAL's testifying.

As to the second concern regarding the potential to prejudice the opposing party, we note the portion of comment 2 to Neb. Ct. R. of Prof. Cond. § 3-503.7(a) which states that "[t]he opposing party has proper objection where the combination of roles may prejudice that party's rights in the litigation." In the present case, because the GAL was representing what she determined to be Suzette's best interests and the GAL's views diverged from Suzanne's wishes, Suzanne could be considered in the nature of an opposing party to the GAL. We therefore consider whether the GAL's being allowed to testify prejudiced Suzanne's rights in this proceeding. We conclude that under the circumstances of this case, it did not.

As noted above, there has long been discussion of ethical concerns related to the role of a guardian ad litem, and those concerns relate in large part to the due process and other rights of the subject of a proceeding as well as other parties to the proceeding. Other courts have had concerns regarding how the guardian ad litem's role in a proceeding affects other parties' rights. For example, in *S.S. v. D.M.*, 597 A.2d 870, 878

(D.C. App. 1991), the District of Columbia Court of Appeals determined that error arose when a guardian ad litem was allowed to act as both the child's attorney and as a witness in an adoption proceeding; although the appellate court ultimately concluded that there was no miscarriage of justice, it stated that "because the guardian ad litem, who had been appointed as an advocate for the child, was called as a witness for one of the opposing parties, new counsel should have been appointed to represent the child." (Emphasis omitted.) In *Morgan v. Getter*, 441 S.W.3d 94 (Ky. 2014), the Supreme Court of Kentucky concluded that a mother's right to due process included the right to cross-examine the guardian ad litem when the trial court relied on the guardian ad litem's report to make custody decisions.

Contrary to the situations in the cases just cited, we think that similar concerns regarding the effect that the GAL's role in this proceeding had on Suzette's rights were adequately addressed. The appointment of separate counsel to represent Suzette was designed to protect her rights in this proceeding. The appointment of separate counsel allowed the GAL to focus on advocating for what she found to be Suzette's best interests without subordination to Suzette's divergent wishes. Meanwhile, the separate counsel was able to focus on protecting Suzette's rights by advancing her wishes without deference to the GAL's determination of Suzette's best interests. As part of protecting Suzette's rights, separately appointed counsel was able to cross-examine the GAL, as well as other witnesses, and to take the necessary steps in order to advance Suzette's arguments.

## CONCLUSION

Under the circumstances of the present case—a guardianship proceeding in which separate counsel was appointed to represent the subject of the proceeding and the guardian ad litem's role was limited to advocating for the subject's best interests rather than representing the subject—the concerns of

Neb. Ct. R. of Prof. Cond. § 3-503.7(a) were not implicated. The GAL was therefore allowed to testify under the rules of professional conduct and, consequently, under Neb. Ct. R. § 6-1469(E)(4)(b), which provides that "[t]he guardian ad litem may testify only to the extent allowed by the Nebraska Rules of Professional Conduct." We therefore conclude that the Court of Appeals did not err when it concluded that the county court did not err when it allowed the GAL to testify, and we affirm the decision of the Court of Appeals which affirmed the order of the county court which appointed Alvin as Suzette's limited guardian.

Affirmed.